9729. BOYD *v.* NEWTON COUNTY.

STEPHENS, J. 1. Timber when felled, cut, and stacked into cord-wood becomes personalty, and does not pass as a part of the realty upon the sale of the land upon which it lies. When, therefore, the owner of land, who was the owner of forty-three cords of wood stacked thereon, sold said land and made to the purchaser a warranty deed conveying the land, the title to said wood did not thereby pass to such purchaser. There being no evidence of any contract of the sale of said wood, the title to the same remained in the vendor of the land, and he could recover such wood from the purchaser of the land by an action in trover.

2. The court did not err in ruling out evidence that there was a tenant house on the place. Even if such evidence authorized the inference that at the time of the execution of the deed to said land it was occupied by a tenant having the right to cut and gather fire-wood, it did not negative the positive and uncontradicted testimony that the title to the particular wood in question was at the time of said sale in the plaintiff.

3. The trial judge did not err in directing a verdict for the plaintiff.

4. The prayer of the defendant in error for the allowance of damages against the plaintiff in error for bringing this case to this court for the purpose of delay, as contended by defendant in error, is denied.

*Judgment affirmed. Broyles, P. J., and Bloodworth, J., concur.*

DECIDED FEBRUARY 1, 1919.

Trover; from Newton superior court—Judge Smith. April 17, 1918.

*Rogers & Knox,* for plaintiff in error. *King & Johnson,* contra.